UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOSE A. GARCIA, | § | |
| TDCJ #02946678 | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-0413 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

State inmate Jose Antonio Garcia filed a petition for a writ of habeas corpus (Dkt. 1) seeking relief from a prison disciplinary conviction. After reviewing all of the pleadings as required under 28 U.S.C. § 2241, *et seq.*, and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that the case must be dismissed for the reasons that follow.

## I.   BACKGROUND

Garcia is serving an eight-year sentence in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ") for a conviction in Galveston County. TDCJ's public records reflect that his sentence is the result of a 2015 conviction for driving while intoxicated. *See* Offender Information Search, available at https://offender.tdcj.texas.gov/OffenderSearch/index.jsp (last visited Dec. 7, 2018). Garcia is eligible for mandatory supervision.

Garcia's petition seeks relief from a conviction in disciplinary case number 20180277563, which was entered against him on June 25, 2018, at the Ramsey I Unit (Dkt. 1, at 5).  He states that he was convicted of failing to provide a urine sample.  As a result of the conviction, he lost forty-five days of commissary privileges, forty-five days of recreation privileges, forty-five days of telephone privileges, and was reduced in line class status (*id.*).  Garcia unsuccessfully appealed the conviction through TDCJ's administrative grievance process (*id.* at 5-6).  His petition claims he was denied due process of law and that his conviction was not supported by the evidence (*id.* at 6).  He also filed a supporting memorandum of law (Dkt. 2).

## II.  PRISON DISCIPLINARY PROCEEDINGS

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest.  *See Sandin v. Conner*, 515 U.S. 472 (1995); *Toney v. Owens*, 779 F.3d 330, 336 (5th Cir. 2015).  A Texas prisoner cannot demonstrate a due process violation in the prison disciplinary context without first satisfying the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit.  *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (explaining

that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good time credit).

Garcia cannot demonstrate a due process violation in this case because he did not lose any previously earned good-time credit (Dkt. 1, at 5). This is fatal to his claims. *See Malchi*, 211 F.3d at 957-58. Although his disciplinary conviction resulted in the loss of privileges, the Fifth Circuit has recognized that sanctions such as these, which are "merely changes in the conditions of [an inmate's] confinement," do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Likewise, reductions in a prisoner's custodial classification and the potential impact on good-time credit earning ability are too attenuated to be protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).

Garcia's pending federal habeas corpus petition must be dismissed for failure to state a claim upon which relief may be granted.

## III.   CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which

requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV.  <u>CONCLUSION</u>

Based on the foregoing, the Court **ORDERS** as follows:

1.  The petition for habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) is

    **DISMISSED** with prejudice.

2.      A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 28th day of December, 2018.

George C. Hanks Jr.
United States District Judge